ANNETTE C. CARTER V. DIME SAVINGS BANK ET AL.

FILED APRIL 10, 1901.   No. 11,705.

1. **Granting Injunction: APPOINTMENT OF RECEIVER: BAR: RULE.** The rule that the granting of an injunction is equivalent to the appointment of a receiver, and bars a subsequent suit brought in another court wherein the appointment of a receiver is sought, does not apply when the parties are not the same in both cases.

2. **Order of Court: OBEDIENCE: TURNING OVER ASSETS TO RECEIVER.** Where one, in obedience to an order of a court of competent jurisdiction, has turned over to a receiver appointed by it assets in his hands belonging to an insolvent, he can not be compelled in a suit in another court, between different parties, to account therefor.

ERROR from the district court for Douglas county. Tried below before POWELL, J.  *Affirmed.*

*John T. Cathers* and *J. O. Detweiler*, for plaintiff in error.

*Duffic, Gaines, Kelby & Storey, Charles A. Goss, Winfield S. Strawn* and *W. A. Saunders, contra.*

NORVAL, C. J.

In 1894 the Dime Savings Bank of Omaha found itself unable to meet the demands of its depositors, and its directors concluded to, and did, close such bank so far as related to the receipt of deposits and the carrying on of general business.  Under an agreement entered into between it, though its directors, and one John G. Cortelyou, its acting cashier, the assets of the bank were turned over to the latter, he agreeing to meet all demands of its depositors out of the assets of the bank; or, if necessary, out of money by him to be advanced on its behalf out of his private funds.  About April 5, 1895, Annette C. Carter commenced suit in the district court of Douglas county against said bank, its officers and Cortelyou to recover certain sums by her deposited in said bank, and obtained a temporary injunction, afterwards made

perpetual, against Cortelyou, restraining him from turning over to any other person or in anywise disposing of said assets. In that suit she afterwards obtained judgment against the bank, which was on appeal affirmed by this court. Later, execution issued on the judgment, which execution was by the sheriff duly returned unsatisfied, the officer having failed to find property with which to satisfy the same. Carter then filed a motion, praying for an order directing Cortelyou to turn into court these assets, out of which to satisfy said judgment. This motion Cortelyou answered, alleging, first, that the court was without jurisdiction to make the order demanded; second, that, after the temporary injunction was issued in the case, suit was commenced in the United States circuit court against said bank by another party; that in such suit a receiver was appointed for the assets of the bank, and Cortelyou was ordered to turn said assets over to such receiver, which order he obeyed, and that from that time he had no assets of said bank in his possession. On hearing, said order was denied, from which Carter prosecutes error.

While several questions of law are argued, the pivotal one is that presented by Cortelyou's answer, wherein it is alleged that he had, in obedience to the order of the federal court, turned these assets over to its receiver, as the conclusion to which we have come relative thereto is decisive of the case. By the injunction Cortelyou was inhibited from turning over to any third person or in any way disposing of these assets. It is claimed that he had not the power to deliver them to said receiver; or if he did, it was in disobedience of the order of the state court. We think not. The record is conclusive that their delivery to the receiver was involuntary, and on the order of the federal court, after Cortelyou had presented to it the fact that he had been enjoined from disposing of them. It is manifest that his action was involuntary, and was in conformity to his duty in the premises. It is urged, however, that the issuance of an injunction by the state court

was equivalent to the appointment of a receiver, and that, as the state court first acquired jurisdiction, it is a bar to the suit in the federal court wherein said receiver was appointed. The answer to this argument is that the parties in the two cases are not the same, Carter not being a party to both suits. The rule contended for, if it is a rule of law, can obtain only where the parties in each court are the same. High, Receivers, sec. 49, wherein it is stated that "the granting of an injunction by a court of competent jurisdiction is a bar to appointing a receiver in a subsequent proceeding between the same parties in another court." It was undoubtedly the duty of Cortelyou to deliver to the receiver these assets. There was ample evidence from which the court was justified in finding that such suit was not instituted, nor said order issued through any connivance on his part. The delivery of the assets was, therefore, involuntary, and not in disobedience of the injunction of the district court. For that reason the order was properly refused.

It is further contended that the record shows that he in fact received from the receiver money upon which this judgment is a lien, and that he should have been directed to turn this into court. The evidence was sufficient to sustain the court in holding that this money was merely property of Cortelyou, being money advanced by him out of his private funds to satisfy certain creditors of the bank, and in no sense assets of the latter.

There is no error in the proceeding, and the order of the district court is

AFFIRMED.